# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **RANDOLPH NAYLOR,** | : | Case No.: 1:19-cv-01051 |
| | : | |
| Plaintiff, | : | Judge Black |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| | : | |
| **THE CINCINNATI INSURANCE CO.,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

Plaintiff, Randolph Naylor and Defendant The Cincinnati Insurance Company, hereby stipulate to the following Order:

**IT IS HEREBY STIPULATED THAT:** Certain documents and information have been and may be sought, produced, or exhibited by and between the Parties, and persons who are not parties to this lawsuit, which relate to the Parties' financial information, medical information, competitive information, personnel information, and/or other kinds of non-public, commercially sensitive information which the Party making the production deems confidential. The Parties believe that this Stipulated Protective Order (the "Order") is necessary to protect the Parties' confidential and proprietary information, and that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, the Court should enter this Order.

Therefore, each Party to this proceeding or any subsequent appeals, and anyone else who may subscribe to this Order, agree as follows:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter

collectively, "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this Court and the Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" upon making a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, competitive information, trade secrets, personnel records, customer information, financial information, personnel information, or other such proprietary or sensitive commercial information that is not publicly available. "Personal information" mentioned above includes, but is not limited to, dates of birth, social security numbers, financial information such as personal tax information, spousal information, information related to children or minors, home addresses, bank account numbers, passport numbers, email addresses, and driver's license numbers. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. In the case of documents, each page that is to be produced under this Order shall be separately marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

3. **Protection of Confidential Material.**

    a. **General Protections.** Documents deemed or designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in paragraph 3(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

  b. **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of documents deemed or designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to any third person or entity except as set forth in subparagraphs (i)-(vii) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

    i. **Counsel.** Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    ii. **Parties.** Officers, directors and employees of Parties to this Order, including in-house counsel;

    iii. **Authors.** The author of information designated CONFIDENTIAL and anyone shown as having received the information in the ordinary course of business;

    iv. **Court Reporters and Recorders.** Court reporters, videographers, and recorders engaged for depositions;

    v. **The Court.** The Court and Court personnel prior to trial;

    vi. **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in the attachment hereto, "Acknowledgement and Agreement to Be Bound", and delivered the certification to counsel for the parties; and

       vii. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification attached hereto, "Acknowledgement and Agreement to Be Bound."

This Order has no effect upon, and shall not apply to, the Parties' and their counsel's own internal use of the information and documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER that party produced under the protections of this Order.

      c.     **Control of Documents and Information.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents deemed or designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Furthermore, any information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

      d.     **Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER if the phrase does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

    4.     **Depositions.** In the event that any information or documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to this Order are used in

depositions, the court reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty days after the receipt of the transcript, that the portions of the depositions relating to the CONFIDENTIAL or HIGHLY CONFIDENTIAL, as well as any confidential documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 5, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 3 may be present at any examination concerning CONFIDENTIAL information.

    5.  **Filing of Confidential Material.** This Stipulated Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1. However, any party that intends to file a brief, memorandum or pleading that references or attaches any information or documents marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall provide five (5) days' notice to the other parties prior to any such filing to allow the other parties to determine whether they will request by motion an order from the Court that such CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER information or documents be filed under seal. Should such a motion be filed with the Court within that five (5) day notice period, such contested CONFIDENTIAL information or documents shall be excluded from any filings until this Court issues an order with respect to such request. If no objection is raised within the five (5) day notice period, the Party seeking to file the documents under seal can represent that the other Parties were given notice and do not object.

6. **Obligations on Conclusion of Litigation.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Within thirty days after dismissal or entry of final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and all copies thereof. Each party shall send certification of destruction of such materials.  Notwithstanding the above requirements to destroy documents, counsel may retain a record including the confidential documents and any related correspondence court papers, depositions, trial and hearing transcripts and exhibits, and memoranda and attorney notes of counsel.  However, as long as such confidential documents are retained, counsel retaining such documents shall protect those documents in the manner provided for in this Order and shall use those documents for no other purpose.

7. **Order Subject to Modification.**  This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such document or information, including restrictions differing from those specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

8. **Changes to Designation.**  The submitting party must agree in writing to withdraw the designation of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. However, once challenged, the party designating the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall bear the ultimate burden of demonstrating that good cause exists to

designate the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules upon the designation of the document.

9. **Joining of Parties.**  In the event additional parties join or are joined in this action, they shall not have access to material marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

10. **Public Information.**  This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order, regardless of whether or not such information is also contained in discovery materials designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

11. **Inadvertently Produced Document(s).**  The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information ("Privileged Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

a. The producing party must notify the receiving party promptly, in writing, upon discovery that Privileged Information has been inadvertently produced. Upon receiving written notice from the producing party that Privileged Information has been produced, all such information shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, until further Order of the Court.  The receiving party may keep one copy of the Privileged Information inadvertently produced for the sole purpose of raising the issue with the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Privileged Information in electronic or hard copy format.

   b. The receiving party may contest the privilege or work product designation by the producing party and shall give the producing party written notice of the reason for said disagreement. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.

   c. Any analyses, memoranda, or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda, or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

   d. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a complete review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

 12. **Persons Bound.** The undersigned counsel for the Parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

 13. **Continuing Jurisdiction.** The Court retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information.

**IT IS ORDERED.**

                                                                *s/ Timothy S. Black*
                                                                UNITED STATES DISTRICT JUDGE

                                                                7/2/2020
                                                                Date

STIPULATED:

*/s/ Matthew G. Bruce (with permission)*
Matthew G. Bruce (0083769)
The Spitz Law Firm, LLC
8354 Princeton-Glendale Road, Suite 203
West Chester, OH 45069
matthew.bruce@spitzlawfirm.com

Counsel for Plaintiff Randolph Naylor


*/s/ Deborah S. Adams*
Deborah S. Adams (0005607)
Brice C. Smallwood (0096944)
Frost Brown Todd LLC
Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
513-651-6800 – phone
513-651-6981 – fax
dadams@fbtlaw.com
bsmallwood@fbtlaw.com

Counsel for Defendant
The Cincinnati Insurance Co.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RANDOLPH NAYLOR,** | : | Case No.: 1:19-cv-01051 |
| | : | |
| Plaintiff, | : | Judge Black |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| | : | |
| **THE CINCINNATI INSURANCE CO.,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, have read the Stipulated Protective Order in the above-captioned action (the "Protective Order") and agree to be bound by its terms with respect to any documents, material, or other information designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ("Restricted Material") furnished to me as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or other information designated as Restricted Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the Court of Common Pleas, Highland County, Ohio with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or other information designated as Restricted Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

2

I further agree to return any and all documents, materials, or other information designated as Restricted Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Restricted Material, to the attorney(s) that furnished me with any such documents, materials, or other information (a) at the conclusion of the action; (b) at the conclusion of my engagement in connection with the action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

_____  _____
Date                             Signature


0011523.0726386   4843-5240-9793v1